UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANCISCO LOPEZ-MARTINEZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA. ) | Case No. 1:12-cv-1391-TWP-MJD<br>1:11-cr-0095-TWP-KPF |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Francisco Lopez-Martinez for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991).

In May of 2011, Lopez-Martinez was charged with unlawful reentry into the United States subsequent to being deported after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).

On June 27, 2011, Lopez-Martinez filed a Petition to Enter a Plea of Guilty. No plea agreement, however, was entered into between Lopez-Martinez and the United States. On October

12, 2011, a hearing was held on the Petition to Enter a Plea of Guilty. The Court then adjudged Lopez-Martinez guilty as charged and proceeded to conduct a sentencing hearing.

At the sentencing hearing, the Court determined that Lopez-Martinez's total offense level was 21 and that his criminal history category was III. That resulted in an advisory sentencing guidelines imprisonment range of 46 to 57 months. The Court sentenced Lopez-Martinez to a term of imprisonment of 40 months to be followed by three years of supervised release and assessed the mandatory assessment of $100. Judgment was formally entered on the Court's docket on October 20, 2011.

Lopez-Martinez did not appeal his conviction or his sentence. However, on September 27, 2012, he filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

## II. Discussion

The Lopez-Martinez asserts that the Court erred by not sentencing him pursuant to the Department of Justice's "Fast-Track" program or, if that program were unavailable in this district, the Court erred in failing to reduce his offense level by four levels to account for the program. He also argues counsel was ineffective for failure to advise and argue for a "Fast-Track" departure.

A. *The "Fast-Track" Program*

The "Fast-Track" Program at issue here allows for downward sentencing departures in certain criminal immigration cases. *See* Memorandum from Deputy Attorney General James M. Cole to All United States Attorneys, *Department Policy on Early Disposition or "**Fast–Track**" Programs* (Jan. 31, 2012), *available at* www.justice.gov/dag/fast-track-program.pdf (hereinafter "Fast-Track Memo"). Lopez-Martinez argues that the court erred in failing to sentence him pursuant to the Department of Justice "Fast-Track" program. The United States asserts that there was no error because Lopez-Martinez would not have been eligible for the "Fast-Track" program.

The United States explains that Lopez-Martinez did not enter into a written plea agreement as required for "Fast-Track" treatment and did not satisfy the minimum requirements to participate in the program.

Neither Lopez-Martinez nor the United States allege that the Southern District of Indiana is or was a "Fast-Track" district. However, the Seventh Circuit Court of Appeals held in *United States v. Reyes-Hernandez*, 624 F.3d 405 (7th Cir. 2010), that a district court may "*consider* a facially obvious disparity created by fast-track programs among the totality of [18 U.S.C. § 3553(a) factors considered." Accordingly, the "Fast-Track" argument is treated as an argument that the Court should have considered and that Lopez-Martinez's counsel should have argued for consideration of Fast-Track programs when Lopez-Martinez was sentenced.

Even if Fast-Track programs were considered when the Lopez-Martinez was sentenced, it would not have made a difference. The "Fast-Track" policy memorandum states that:

> The United States Attorney retains the discretion to limit or deny a defendant's participation in a fast-track program based on – (1) The defendant's prior violent felony convictions (including murder, kidnapping, voluntary manslaughter, forcible sex offenses, child sex offenses, drug trafficking, firearm offenses, or convictions which otherwise reflect a history of serious violent crime); (2) The defendant's number of prior deportations, prior convictions for illegal reentry under 8 U.S.C. § 1326, prior convictions for other immigration-related offenses, or prior participation in a fast-track program . . . .

"Fast-Track" Memo at 3. Lopez-Martinez has one prior felony conviction for possession of cocaine and a second felony conviction for manufacturing a controlled substance. Those convictions demonstrate a history of drug trafficking that qualify as "violent felonies" or "otherwise reflect a history of serious violent crime" as defined by the "Fast-Track" memorandum. Even if these convictions did not qualify as "violent felonies," the policy also provides that "Fast-Track" participation may be denied based upon the "number of prior deportations" incurred by the defendant. *Id*. Lopez-Martinez "had been arrested . . . and deported to Mexico at least six times

between December 20, 2007, and January 23, 2008." These multiple deportations are sufficient to deny him "Fast-Track" treatment.

Because Lopez-Martinez was not eligible for "Fast-Track" treatment, counsel was not ineffective for not requesting that the Court consider "Fast-Track" programs when sentencing him. *See Campos-Bailon v. United States*, 2013 WL 5492955 (N.D. Ga. Oct. 1, 2013) ("where a defense attorney fails to ask for a fast-track sentence reduction his failure will not constitute ineffective assistance of counsel, and will not be deemed to prejudice the defendant"); *United States v. Neeley*, 189 F.3d 670, 683-84 (7th Cir. 1999) (It is not deficient performance to fail to raise an issue or argument that has no real chance of success or to fail to object or raise an objection where the objection would be properly overruled if asserted.).

B. *Severity of Sentence*

To the extent that the Lopez-Martinez also argues that his sentence is overly severe, the sentence imposed by the Court was below the Lopez-Martinez's correctly calculated guidelines imprisonment range. "We presume that a below-guidelines sentence is reasonable." *United States v. Dean*, 434 Fed. Appx. 560, 562 (7th Cir. 2011) (unpublished). Accordingly, there was no error in the Lopez-Martinez's sentence.

### III. Conclusion and Certificate of Appealability

The Lopez-Martinez's claims do not entitle him to relief under § 2255 because they do not identify any legal error in his sentence that is jurisdictional, constitutional, or represents a complete miscarriage of justice. His motion for relief pursuant to 28 U.S.C. § 2255 is **denied.** Judgment consistent with this Entry shall now issue.[1]

---

[1] A copy of the Entry and Judgment in this action **shall be docketed** No. 1:11-cr-95-TWP-KPF-1.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Lopez-Martinez has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/28/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Francisco Lopez-Martinez
No. 10203-028
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH  44505

All electronically registered counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**